Brinkerhoee, J.
These two cases in error grow out of the same original suit below; and, inasmuch as it was apparent that a determination of the first case in favor of the plaintiff in error would have the effect to dispose of the second case without further inquiry, they were, for that reason, taken up for hearing together.
The first case is this :
The plaintiff in error brought suit against the defendants in error, in the court of common pleas of Lorain county, in November, 1857; and, at the Eebruary term thereof, 1858, recovered judgment against them by default.
*170 In June, 1858, the defendants in error filed in said court their petition to vacate said judgment, and for leave to defend, under section 536 of the code of civil procedure, on the ground of alleged “ unavoidable casualty or misfortune, preventing the party from defending” — being the cause mentioned in the seventh subdivision of section 534 of the code. 3 Our wen’s Stat. 2026.
The plaintiff in error having answered, and the defendants in error replied, making up an issue of fact, the petition to vacate the judgment and award a new trial was heard, and, at the May term, 1859, the said court made an order vacating said judgment, and reinstating the case on the docket for trial. Thereupon the plaintiff in error “ gave notice of his. intention to appeal the cause to the district courtthe court of common pleas fixed the amount of the appeal bond;-bond was given accordingly, and all steps were regularly taken to perfect an appeal, as in ordinary appealable cases. At the term of the district court next following, to-wit, the September term, 1859, the defendants in error moved to dismiss the appeal, on the ground that “ there is no provision of law under which the case can be appealed.” The district court sustained this motion and dismissed the appeal, and the plaintiff in error excepted.
To reverse the order of the district court dismissing the appeal, this petition in error is prosecuted; and the sole question before us in this case is, whether an appeal lies to the district court from an order of the common pleas vacating, upon petition, and at a subsequent term, a judgment rendered by it at a former term.
•The question is one of statutory construction, and depends, entirely upon the proper meaning and scope of the statute allowing appeals irom the common pleas to the district court.
The statutory provision by which the question is governed,, and the only one bearing directly upon it, is the fifth section of the act of April 12, 1858, “ to relieve the district courts and to give greater efficiency to the judicial system of the state,” 4 Curwen’s Stat. 3088, which is as follows: “ That appeals may be taken from, all final judgments, orders or de~ *171 crees in civil actions, in which the parties have not the right, by virtue of the laws of this state, to demand a trial by jury, and interlocutory orders dissolving injunctions rendered by any court of common pleas in this state, in which it has original jurisdiction, by any party against whom such judgment or order shall be rendered, or who may be affected thereby, to the district court, and the action so appealed shall be again tried, heard and decided in the district court, in the same manner as though the said district court had original jurisdiction of the action.”
Now, what is the scope and meaning of the words, “final orders,” as used in this section ? It is not claimed or pretended that the appeal attempted to be taken in this case had the effect to appeal and bring with it into the district court the original case. That case indeed, being one in which a jury trial might have been demanded as matter of right, was clearly not appealable. The claim is, that the proceeding to vacate the judgment in the original cause, and that only and separately, is appealable.
In the first place, I would observe, that the presumption arising from the object and policy of' the act above referred to, is against the claim made under it. It is entitled an act “ to relieve the district courts;” and yet it is clear, that if the words “ final orders,” as used in this act, and so construed as to embrace such an order as the one attempted to be appealed from in this case, the district courts, so far from being relieved in this respect, would have thrown upon them a burden not imposed by preceding legislation; for the statutory provision on the subject which was appealed and superseded by the section above quoted, allowed appeals only from “final judgments in civil cases at law, decrees in chancery, and interlocutory decrees dissolving injunctions.” 3 Curwen’s Stat. 1725.
But let us look a little more closely at the language of the act. “ Appeals may be taken from all final judgments, orders or decrees in civil actions * * * ; and the action so appealed shall be again tried * * *, in the same manner as though the said district court had original jurisdiction of the action.” *172 From this phraseology it is evident that the “final judgment, order or decree” must be in a civil action; the thing “so appealed” must be a civil action ; and it is “ the action so appealed ” which is to be again tried.
And now arises the inquiry — Is this proceeding by petition ,to vacate a judgment and to have the case reinstated on the docket for trial, in itself a civil action, or is it merely a branch, offshoot, or incident of an action ? — or, in the language of section 512 of the code of civil procedure, “a special pro ceeding in an action after judgment?” We are of opinion that it is the latter, and nothing more; and this from two considerations:
Suppose a petition is filed to vacate a judgment; that the matter is heard, the judgment vacated, the original case reinstated on the docket, retried, and a judgment — but a modified judgment — again entered. The entry of the first judgment indicates the recovery of a certain sum of money; the entry of the second judgment, another and a different sum. Both must not stand ; and how can they be explained- and made consistent and intelligible ? Obviously, only by including the proceedings to vacate the first judgment in the record of the' original case. The whole, it seems to us, will constitute but one record of one case. Again; suppose a case is appealed from the common pleas to the district court; a judgment is rendered in the district court; in that court causes arise, on the ground of which a party aggrieved is entitled, on petition for that purpose, to have the judgment vacated and the cause re-docketed. This right, beyond peradventure, is secured to him by the statute. Where is he to apply ?. In what court is his petition to be filed, heard and determined? Clearly, it seems to us, in the district court, where alone the causes for the vacation of the judgment arose, and where only the judgment exists. He can not apply to the common pleas; for the case has passed, by the appeal, from the common pleas into- the district court; and, although the common pleas may, in a proper case, interfere by injunction, operating upon the person of a party, to prevent the enforcement of a judgment of a superior court, it has no appellate or mandatory *173 power to vacate such judgment. But, if a petition to vacate a judgment in the district court and reinstate the same on the docket for trial, must be filed in that court; and if such proceeding is in itself a civil action separate and distinct from that in which the judgment sought to be vacated is rendered, then the district court, in taking cognizance of such action, must assume the exercise of original jurisdiction in that action — a thing which, under the constitution of the state, it can not do — -its capacity for the reception of original jurisdiction being, by the constitution, limited to proceedings in quo warranto, mandamus, habeas corpus, and procedendo. Art. 6, secs. 2 and 6. And so we are reduced to this dilemma : We must either regard the legislature as having attempted to confer upon the district court a jurisdiction which it was constitutionally incapable of receiving, or else we must regard the proceeding by petition to vacate a judgment and set down the case again on the docket for trial, as hut an incidental part of the original action.
Section 512 of the code of civil procedure, provides that “ an order affecting a substantial right, made in a special proceeding, etc., in an action after judgment, is a jinal order, which may be vacated, modified, or reversed,” by petition in error. The order here attempted to be appealed from comes clearly and fully within this definition; and it is urged in argument, that inasmuch as the statute of April 12, 1858, provides that “ appeals may be taken from all final judgments, orders or decrees,” etc., therefore, whatever is a final order, as defined by the above mentioned section of the code, must be appealable. We think that the result contended for, does not follow. The statute on the subject of appeals was passed subsequent to the code, and by a different legislature; and it is hardly presumable that a nice adjustment of the language of the one with reference to the language of the other was attempted. And the object of the two statutes was different. The object of one was, to provide for the appeal and re-trial of an entire action; the object of the other was, to define what special or summary proceedings in an action — not the action itself — might be reviewed by petition in error. The *174 word “ order,” in the statute providing for appeals, is, it seems to us, a tautological expression, and carelessly used as synonymous with the accompanying words, “judgment,” and “ decree.”
We are of opinion that there was no error in the order of the district court dismissing the appeal, and the same will be affirmed.
As to the second case: .
The attempted appeal, considered in the preceding case, having been dismissed, the plaintiff in error filed in the district court, a petition in error to reverse the order of the common pleas, vacating its judgment in the original case, and reinstating the same on its docket for'trial; and the case in error, thus made, was, by the district court, reserved for decision here.
As before stated, the judgment against defendants in error in the original case, was rendered on their default; and the petition to vacate that judgment was based on the ground of alleged “ unavoidable casualty and misfortune, preventing ” the defendants from defending, under the seventh subdivision of section 534 of the code.
On a close inspection of the. record, it is apparent that it does not present the question which counsel for plaintiff in error intended to bring before the court, and has argued on the hearing; and this enables us to dispose of the case with a few words of explanation.
The petition to vacate the judgment contains specific allegations of certain matters of fact claimed to constitute “ unavoidable casualty and misfortune, preventing” the defense to the original action; and the sufficiency of these facts, thus specifically alleged, is the question argued before us. But, after the specific allegation of these facts, the petition goes on to allege, generally, that the defendants were prevented from making their defense to thé action by unavoidable casualty, and misfortune; and this, without any accompanying phraseology — such as, in the manner aforesaid, or the like — ■ showing, that the general allegation was not an independent *175 one, or was only an iteration of tbe specific allegations. There was no motion or order to compel tbe petitioners to make their allegations more specific and certain; and the general allegations as they stood, in the petition were good on demurrer, and, of course, are good on error. There was no bill of exceptions taken, setting out the evidence given on the hearing, and no finding of special facts by the court; but there was a general finding that the defendants were prevented' from making their defense by unavoidable, casualty and misfortune, and without negligence on their part. So far as appeared -from the record, therefore, facts entirely outside of, and in addition to, those specifically alleged, may have been in evidence" sufficient to sustain the general allegation of the petition, and the general finding of the court; and, in the absence of anything in the record to show the contrary, it is a legal presumption that such evidence was given.
Order affirmed.
Scott, C.J., and Sutliff, Peck and Gholson, J J., concurred.